

No. 11–0675/AR.  U.S. v. Cassandra M. Riley.  CCA 20100084.  Appellant's motion to attach affidavit is denied.

No. 12–6001/AF.  U.S. v. Scott M. Dease, Jr.  CCA 2011–04.  Appellant's motion for a stay of proceedings is granted.

Tuesday, November 15, 2011

No. 11–0675/AR.  U.S. v. Cassandra M. Riley.  CCA 20100084.  Review granted on the following issues:

I. WHETHER IN LIGHT OF THIS COURT'S RECENT DECISION IN *UNITED STATES v. FOSLER*, THE SPECIFICATION OF THE CHARGE FAILED TO STATE AN OFFENSE UNDER ARTICLE 134.

II. WHETHER APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HER TRIAL DEFENSE COUNSEL FAILED TO IN-FORM HER THAT SHE WOULD HAVE TO REGISTER AS A SEX OFFENDER AFTER PLEADING GUILTY.

III. WHETHER APPELLANT'S GUILTY PLEA WAS NOT KNOWING AND VOLUNTARY BECAUSE APPELLANT DID NOT KNOW THAT AFTER PLEADING GUILTY SHE WOULD HAVE TO REGISTER AS A SEX OFFENDER, AND THE MILITARY JUDGE ABUSED HER DISCRETION WHEN SHE ACCEPTED APPELLANT'S UNKNOWING AND INVOLUN-TARY PLEA WITHOUT ASKING THE TRIAL DEFENSE COUNSEL IF SHE HAD INFORMED APPELLANT OF THE APPLICABLE SEX OF-FENDER REGISTER REQUIREMENTS.

The decision of the United States Army Court of Criminal Appeals is set aside.  The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further appellate inquiry and consideration of the granted issues.  The Court of Criminal Appeals will obtain affidavits from the trial defense counsel that respond to Appellant's allegation of ineffective assistance of counsel.  Under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2006), the Court of Criminal Appeals shall review the ineffective assistance of counsel issue in light of the affidavits and any other relevant matters.  *See United States v. Ginn*,